# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NA'QUYAN DEMMONS,　　　　　　　　　　Case No. 1:19-cv-882
　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　Barrett, J.
　vs　　　　　　　　　　　　　　　　　　Bowman, M.J.

SUMMIT BEHAVIORAL HEALTHCARE,　　　**REPORT AND**
　　　Defendant.　　　　　　　　　　　**RECOMMENDATION**

　　　Plaintiff, a resident at Summit Behavioral Healthcare at the time the suit was filed,[1] has filed a pro se civil rights action against defendant Summit Behavioral Healthcare. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

　　　In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma*

---

[1] Plaintiff has filed two previous actions in this Court. *See Demmons v. Ohio, et al.*, No. 19-cv-634 (S.D. Ohio Sept. 27, 2019) (dismissed for failure to state a claim upon which relief may be granted) (Docs. 5, 6); *Demmons v. Ohio*, No. 19-cv-718 (S.D. Ohio Sept. 11, 2019) (Report &Recommendation recommending dismissal of the action pending) (Doc. 4). In those cases, the magistrate judge noted that plaintiff is a pretrial detainee, who was ordered committed to Summit Behavioral Healthcare after being found incompetent to stand trial. *See Demmons*, No. 19-cv-634 (Doc. 4, at PageID 22 n.1; Doc. 5); *Demmons*, No. 19-cv-718 (Doc. 4, at PageID 15 n.1). This Court may take judicial notice of its own records. *See United States v. Doss,* 563 F.2d 265, 269 n. 2 (6th Cir. 1977).

*pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Defendant, Summit Behavioral Healthcare, is "a facility owned by the State of Ohio, Department of Mental Health . . ., designed to serve the mentally and physically disabled." *Gentry v. Summit Behavioral Healthcare*, 197 F. App'x 434, 436 (6th Cir. 2006). The complaint, which consists of a single paragraph, alleges without factual detail that plaintiff was assaulted two times by unspecified individuals, that "policy has been violated at Summit," and that "Summit's police officer" opened plaintiff's mail. (Doc. 1-1, at PageID 6). For relief, plaintiff seeks money damages. (*See id.*).

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted because defendant, Summit Behavioral Healthcare, "a facility owned by the State of Ohio," *Gentry*, 197 F. App'x at 436, is immune from suit. Absent an express waiver, the Eleventh Amendment to the United States Constitution bars suit against a State or one of its agencies or departments in federal court regardless of the nature of the relief sought. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State School v. Halderman*, 465

3

U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974).  The exceptions to the Eleventh Amendment bar prohibiting lawsuits against a state in federal court do not apply in this case.  The State of Ohio has neither constitutionally nor statutorily waived its Eleventh Amendment rights.  *See Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460 (6th Cir. 1982); *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir. 1976).  Nor has plaintiff sued a state official seeking prospective injunctive relief against future constitutional violations.  *Ex Parte Young*, 209 U.S. 123 (1908).  In addition, Congress has not "explicitly and by clear language" expressed its intent to "abrogate the Eleventh Amendment immunity of the States" when enacting Section 1983.  *See Quern v. Jordan,* 440 U.S. 332, 341-43, 345 (1979).  Therefore, Summit Behavioral Healthcare is immune from suit in this case.  *See, e.g., Kister v. Appalachian Behavioral Health Care*, No. 2:13-CV-00071, 2014 WL 272467, at *3 (S.D. Ohio Jan. 23, 2014) (reaching a similar conclusion with Appalachian Behavioral Health Care, a "state[-]created, [-]operated, and [-]financed institution").

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

5

and therefore deny plaintiff leave to appeal *in forma pauperis*.  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NA'QUYAN DEMMONS,  
    Plaintiff,

vs

SUMMIT BEHAVIORAL HEALTHCARE,  
    Defendant.

Case No. 1:19-cv-882

Barrett, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).